```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| VICTOR W. WRIGHT | : | |
| | : | |
| | | Criminal No. DKC 06-038 |
| v. | : | Civil Action No. DKC 2007-2702 |
| | : | |
| UNITED STATES OF AMERICA | | |
| | : | |

**MEMORANDUM OPINION**

On October 5, 2007, the court received for filing a "Motion Pursuant to Fed.R.O.C.P. § 60(b)(3) to Set Aside Judgment for Fraud upon the Court and Newly Discovered Evidence." It was construed to be a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, and the Government was directed to respond in an order entered October 30, 2007. Petitioner has now written to the court inquiring about the status of a subpoena he directed to the Maryland State Police and more generally about discovery.

Upon further examination of the docket, it appears that Mr. Wright has a direct appeal pending in the United States Court of Appeals for the Fourth Circuit, No. 06-5084. While the direct appeal is pending, it is inappropriate for this court to consider the challenge to the conviction presented in the Motion. *See, e.g.*, *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending. *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968)[*abrogated on other grounds*

*United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988)]. Khoury may pursue his collateral remedies without prejudice when jurisdiction is revested in the district court."); *United States v. Abney*, 2007 WL 954732, at *1 (W.D.N.Y. 2007) ("Although 'there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal,' *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *accord United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006), the district 'should only do so in extraordinary circumstances given the potential for conflict with the direct appeal.' *Prows*, 448 F.3d at 1223; *see also Womack v. United States*, 395 F.2d 630, 631 (D.C.Cir. 1968) ('there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but ... the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances'). *See, e.g.*, *Nuey v. United States*, No. 06 Civ. 4367, 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007) (dismissing § 2255 petition without prejudice where petitioner's direct appeal was pending); *Phillips v. People of United States*, Civ. A. No. 93-CV-0147, 1993 WL 147454, at *2 (N.D.N.Y. May 3, 1993) (same).").

As noted by Judge Legg in *United States v. Dorsey*, 988 F.Supp. 917, 918-19 (D.Md. 1998):

> Although the language of § 2255 itself does not obligate a petitioner to complete any direct review before filing a 2255 motion, the courts have created such a requirement in the

interests of efficient administration of justice. As the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts (1997) ("Rules") observe:

> There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.
>
> We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.

Rule 5 advisory committee notes (citations omitted); *see also [United States v.] Bazemore*, 929 F.Supp. [1567 (S.D. Ga. 1996)] at 1569 n.4 (observing the same presumed requirement); Hon. Charles R. Richey, *Prisoner Litigation in the United States Courts* at 128-29 & n.484 (1995) ("A petitioner must ordinarily complete a pending direct appeal prior to obtaining § 2255 relief."). This requirement avoids redundancy of effort between direct appeal and collateral attack. It would therefore make little sense to require a petitioner to file the 2255 motion prior to the completion of any direct appeal.

Thus, this court should have dismissed the initial motion without prejudice to refiling later, if appropriate, once the

direct appeal is concluded.  Moreover, at this time, there is no need for any discovery.  A separate order will be entered.

                                               /s/
                              DEBORAH K. CHASANOW
                              United States District Judge